UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

THOMAS GLENN RIDGEWAY                                                                PLAINTIFF

v.                                                                CIVIL ACTION NO. 5:15CV-P59-TBR

ROGER FORD *et al*.                                                                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff filed a *pro se* action alleging constitutional violations against Defendants (DN 1).  On March 18, 2015, the Clerk of Court sent Plaintiff a deficiency notice directing him to fix numerous deficiencies with his filings in this case (DN 4).  Plaintiff failed to remedy the deficiencies as directed by the Clerk of Court.

By Order entered May 20, 2015, the Court ordered Plaintiff to resubmit his complaint on a court-approved form; either pay the $400.00 fee for filing this action or file a fully completed application to proceed without prepayment of fees; and to submit a completed summons form for each named Defendant (DN 5).  The Court directed the Clerk of Court to send Plaintiff a 42 U.S.C. § 1983 Prisoner Packet, containing a § 1983 complaint form, an application to proceed without prepayment of fees, and summons forms.  The Court warned Plaintiff that his failure to comply within 30 days of entry of the Order would result in dismissal of this action.  In response, Plaintiff filed a handwritten document on his own paper advising, "I got the forms on case 5:15-CV-59-TBR" (DN 6).  Despite receiving the forms, however, he failed to submit any completed forms in compliance with the Court's May 20, 2015, Order.  Additionally, in his response, Plaintiff sought, "in The Interest of Justice," the recusal of the undersigned "Due To Prior Bias Or A Prejudicing Nature."

By Memorandum and Order (DN 8) entered June 29, 2015, the Court denied Plaintiff's motion to recuse.  The Order also gave Plaintiff another opportunity to cure the deficiencies in the filing of this action.  Plaintiff did not cure the deficiencies; however, he filed a notice of appeal to the Sixth Circuit (DN 9).  On December 28, 2015, the Sixth Circuit dismissed Plaintiff's appeal (DN 11).

On January 13, 2016, the Court entered an Order giving Plaintiff one final chance to cure the deficiencies in this action (DN 12).  The Court warned Plaintiff that his failure to comply with any portion of the Order within 21 days of its entry would result in dismissal of this action.  Over 21 days have passed since the entry of that Order, and Plaintiff has not fixed the deficiencies as ordered by the Court or otherwise responded to the Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *Id.* at 110.  "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110).  "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack

of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with straightforward Orders of this Court (DNs 5, 8 & 12) or take any action to correct the deficiencies in this case, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.003